# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WINTER PARK CONDOMINIUM**
**LIMITED PARTNERSHIP,**

    **Plaintiff,**

-vs-               Case No. 6:09-cv-218-Orl-31KRS

**WACHOVIA BANK, NATIONAL**
**ASSOCIATION,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 10) filed by the Defendant, Wachovia Bank, National Association ("Wachovia"), the response (Doc. 18) filed by the Plaintiff, Winter Park Condominium Limited Partnership ("Winter Park Condominium"), and Wachovia's reply (Doc. 22).

**I. Background**

Wachovia lent Winter Park Condominium funds for a construction project. In the instant motion, Wachovia seeks dismissal of Count Three of the Complaint (Doc. 6), which asserts a claim for breach of fiduciary duty.[1] Winter Park Condominium contends that Wachovia breached its duty by revealing the Plaintiff's confidential financial information to third parties. As Wachovia points out, a borrower-lender relationship does not normally give rise to a fiduciary

---

[1] In the other three counts of the Complaint, Winter Park Condominium asserts claims of trade libel, negligence, and tortious interference with an advantageous business relationship.

duty, and Wachovia contends that Winter Park Condominium has failed to allege any facts that would give rise to such a duty here.

**II.     Standard**     In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**III.    Analysis**

Winter Park Condominium points to two items in the pleadings that establish the existence of such a relationship, at least for purposes of overcoming a motion to dismiss. First, relying on *Barnett Bank of Marion County, N.A. v. Shirey*, 655 So. 2d 1156, 1158-59 (Fla. 5th DCA), the Plaintiff asserts that Wachovia's receipt of its confidential financial information gave rise to a fiduciary duty to keep that information confidential. The *Shirey* case does involve a fiduciary duty claim against a bank that divulged a customer's confidential information. *Id.* at 1159. But it does not stand for the proposition attributed to it by the Plaintiff. The *Shirey* court never suggested that the bank's receipt of confidential information gave rise to a fiduciary obligation. (The existence of the fiduciary relationship was not at issue in the case.) At best, *Shirey* stands for the (unremarkable) proposition that if a bank *does* have a fiduciary duty to its customer, divulging that

customer's confidential financial information to third parties could constitute a violation of that duty.

Winter Park Condominium also asserts that the Gramm-Leach-Biley Act (the "GLBA"), 15 U.S.C. § 6801 *et seq.*, imposes additional duties upon banks, such as Wachovia, to safeguard their customers' confidential financial information. While this is true as far as it goes, it is not enough, as it does not suggest that the possession of a customer's confidential information by a bank, standing alone, is enough to establish a fiduciary relationship between the bank and the customer. Winter Park Condominium is unable to point to anything in the text of the statute or the case law construing it that supports its argument. To the contrary, courts across the country have held that no private right of action exists for violations of the GLBA, whose text indicates that it is to be enforced by "Federal functional regulators, the State insurance Authorities, and the Federal Trade Commission". 15 U.S.C. § 6805(a). *See Dunmire v. Morgan Stanley, DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (holding no private right of action exists under GLBA, and citing cases). The assertion that the GLBA permits bank customers to pursue fiduciary duty claims against institutions such as Wachovia is inconsistent with this precedent and the language of the statute.

The Court finds that Winter Park Condominium has failed to allege facts that, if true, would give rise to a fiduciary duty on the part of Wachovia. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 10) filed by the Defendant, Wachovia Bank, National Association, is **GRANTED**, and Count III of the Complaint (Doc. 6), is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 6, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party